IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-_____

MATTHEW CARTIER, on behalf of himself and all similarly situated persons,

 Plaintiff,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL, a Utah corporation,

 Defendant

## CLASS ACTION COMPLAINT

 Plaintiff Matthew Cartier, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Class Action Complaint against Western Electricity Coordinating Council, a Utah corporation ("WECC").

## STATEMENT OF THE CASE

 1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. Defendant has violated these laws by failing to pay "time and one-half" premium pay for all overtime hours worked. This action seeks to recover damages and backpay to compensate all current and former employees of WECC for these wage violations.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff, a former employee of WECC, is an individual and resident of the State of Colorado.

3. Defendant Western Electricity Coordinating Council is a corporation organized under the laws of the State of Utah with its corporate offices located at 155 North 400 West, Suite 200, Salt Lake City, Utah 84103. At all times relevant to this action, WECC has been located in and has conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Venue is proper under 28 U.S.C. §1391(b).

**FACTUAL BACKGROUND**

5. Subject to oversight by the Federal Energy Regulatory Commission, the North American Electric Reliability Corporation ("NERC") is a not-for-profit entity whose mission is to ensure the reliability of the bulk power system in North America. NERC develops and enforces reliability standards; annually assesses seasonal and long-term reliability; monitors the bulk power system through system awareness; and educates, trains and certifies industry personnel. NERC's area of responsibility spans the continental United States, Canada and the northern portion of Baja California, Mexico. Entities under NERC's jurisdiction are the users, owners and operators of the bulk power system, which serves more than 334 million people.

6. WECC operates under a delegation agreement with NERC as the Regional Entity responsible for coordinating and promoting bulk electric system reliability in the Western Interconnection. WECC's service territory extends from Canada to Mexico. It includes the provinces of Alberta and British Columbia, the northern portion of Baja California, Mexico, and

all or portions of the fourteen Western states between, including Colorado.

7. In addition to its main office in Salt Lake City, Utah, WECC maintains offices in Vancouver, Washington and Loveland, Colorado. Plaintiff worked in WECC's Colorado office as a Reliability Coordinator System Operator ("RCSO"). RCSO's are analogous to air traffic controllers only, instead of air traffic, they regulate the transmission of bulk electricity among North American utilities.

8. The FLSA, Minimum Wage and Wage Claim Acts require employees to be compensated at their "regular rate of pay" for all time worked. Moreover, state and federal law require employees to be compensated at "time and one-half" their regular rate of pay for all overtime hours worked. Although Plaintiff and other RCSO's worked overtime hours for WECC, WECC failed to pay all overtime compensation due under state and federal law.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a FED.R.CIV.P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER WECC RCSO'S
> WHO WERE NOT COMPENSATED PROPERLY FOR ALL
> OVERTIME HOURS WORKED

10. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of WECC are common to the Class and predominate over any

        individual issues which may exist.

c.      The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from WECC's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.      Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e.      The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for WECC.

f.      The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.      WECC acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

11. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to WECC's common practice, policy or plan regarding employee wages and hours.

### FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)

12. Plaintiff incorporates by reference all of the above paragraphs.

13. At all relevant times, WECC has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.  At all relevant times, WECC has employed, and/or continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

14. As a result of the foregoing conduct, as alleged, WECC has failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

15. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide proper compensation for all overtime hours worked.  Such payment should be made care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)

16. Plaintiff incorporates by reference all of the above paragraphs.

17. At all relevant times, WECC has been, and continues to be, an "employer" within the meaning of the FLSA. WECC is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. At all relevant times, on information and belief, WECC has had gross volume of sales in excess of $500,000. At all relevant times, WECC has employed, and/or continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

18. While employed by WECC, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

19. As a result of the foregoing conduct, as alleged, WECC has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

21. Plaintiff incorporates by reference all of the above paragraphs.

22. Plaintiff worked for WECC under a unilateral contract. In other words, in exchange for Plaintiff performing his job duties, WECC contracted to pay Plaintiff a certain amount. Under this unilateral contract, each time Plaintiff worked a shift for WECC, WECC became contractually obligated to pay Plaintiff as agreed.

23. In agreeing to pay Plaintiff for his work, WECC implicitly and explicitly agreed to pay Plaintiff all wages required under state and federal minimum wage laws. By violating those laws and failing to pay overtime premium pay as described herein, WECC breached its unilateral contract with Plaintiff.

24. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## JURY DEMAND

25. Plaintiff demands a trial by jury on all claims so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against WECC as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of January, 2014.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*