IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00079-WJM-MJW

MATTHEW CARTIER, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL, a Utah corporation,

Defendant.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO: 1)
JOIN ADDITIONAL PLAINTIFFS; AND 2) AMEND PLEADINGS
(Docket No. 45)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case currently includes an "opt in" collective-action claim under the federal

Fair Labor Standards Act and an "opt out" class-action claim under Colorado wage

statutes.  Plaintiff has moved to amend his pleadings to abandon the class-action

mechanism, add all putative class members (less than 20) as named plaintiffs, and add

a claim under Washington State wage statutes.  (Docket No. 45.)  District Judge William

J. Martinez referred the motion to the undersigned.  (Docket No. 46.)

The court has reviewed the parties' filings (Docket Nos. 45, 49, & 52), taken

judicial notice of the court's entire file on this case, and considered the applicable

Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the

court makes the following findings of fact, conclusions of law, and recommendation that

Plaintiff's motion be denied.

2

### DISCUSSION

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.

Because Plaintiff has already amended once, and because Defendant opposes the

most recent amendment, Plaintiff must seek the court's leave to file the Second

Amended Class Action Complaint.  Fed. R. Civ. P. 15(a).  Pursuant to Rule 15, "[t]he

court should freely give leave when justice so requires."  *Id.* at 15(a)(2).  "The purpose

of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided

on its merits rather than on procedural niceties.'"  *Minter v. Prime Equip. Co.,* 451 F.3d

1196, 1204 (10th Cir. 2006). Thus,

> "[i]n the absence of any apparent or declared reason—such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the amendment,
> futility of amendment, etc.—the leave sought should, as the rules require,
> be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

However, the Scheduling Order set a deadline of May 26, 2014, for amending the

pleadings and joining parties.  (Docket No. 20, p.8.)  Where a motion to amend comes

after the Scheduling Order deadline, the moving party must also meet the "good cause"

standard of Rule 16(b):

> In practice, this standard requires the movant to show the "scheduling
> deadlines cannot be met despite [the movant's] diligent efforts."  Rule 16's
> good cause requirement may be satisfied, for example, if a plaintiff learns
> new information through discovery or if the underlying law has changed.  If
> the plaintiff knew of the underlying conduct but simply failed to raise [the
> new] claims, however, the claims are barred.

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir.

2014) (internal citations omitted).  Further,

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the Scheduling Order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and internal quotation marks omitted).

<u>Adding Washington State-Law Claim</u>

As to adding Washington state-law claims, Plaintiff cannot meet the good-cause standard. Plaintiff points to no new facts, no newly discovered evidence, and no change in underlying law that might warrant amending the pleadings. For all appearances, it seems Plaintiff simply failed to appreciate that some number of Washington residents would opt into his case. This is not reasonable diligence.

Plaintiff knew at the outset of this case that Defendant maintained offices in Washington, Utah, and Colorado. (*See* Docket No. 1 ¶ 7.) At that time, Plaintiff proposed a class of employees that was not geographically limited to Defendant's Colorado employees. (*Id.* ¶ 9.) Nonetheless, Plaintiff did not include claims under Washington law. (*See generally id.*) These strategic choices (or nonstrategic oversights) were retained in Plaintiff's First Amended Class Action Complaint. (*See* Docket No. 16.) Defendant specifically challenged the point in its Answer, raising the nonapplicability of Colorado law as an affirmative defense. (Docket No. 17, p.4 ("Plaintiff's First Claim for Relief fails to the extent that it purports to assert a claim for employees who are or were employed by [Defendant] outside the State of Colorado.").)

Plaintiff cannot claim that the potential need to add claims under Washington law was not foreseeable through reasonable diligence.  And yet, Plaintiff stipulated to a Scheduling Order that set a May 26, 2014, deadline for amending pleadings—reserving the right to add opt-in plaintiffs and class members beyond that deadline, but making no other reservations.

None of Plaintiff's arguments in favor of allowing amendment are persuasive, because few of them address his own diligence as required by Rule 16(b).  For example, Plaintiff argues that it makes no sense to force all of the FLSA opt-in plaintiffs to withdraw from this case and pursue their claims in separate lawsuits where they can also press state-law claims.  This argument fails because it does not speak to the applicable standard: good cause under Rule 16(b).

Plaintiff's only argument addressing good cause is that the exact composition of the FLSA collective action (and resulting state-law class members) could not be known until the opt-in deadline closed.  (Docket No. 52, p.5.)  There is some precedent in Plaintiff's corner: *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193 (S.D. N.Y. 2014), and cases cited therein.  But *Chipotle* is a very different case.  Here, Plaintiff has a collective action of under 20 people, in a total of three states—and all three states were identified at the outset.  In *Chipotle*, by contrast, the collective action purported to represent employees in potentially every state.  By the time the opt-in class closed, the case involved over 500 opt-in plaintiffs and class actions in six different states.  To ask the plaintiffs in *Chipotle* to plead their state-law claims before the opt-in class closed could have meant pleading state-law claims in dozens of states and territories.  Here, the universe of potentially applicable law was (at most) three states.  In light of the early

stage at which the Washington claims were known, and in light of Plaintiff's failure to

preserve the issue in the Scheduling Order, the Court finds that Plaintiff has not acted

with reasonable diligence.  Accordingly, the Court recommends that leave to amend the

pleadings to add a claim under Washington state law be denied.

Switching from Class Action to Joinder of Plaintiffs

In addition adding a state-law claim under Washington statutes, Plaintiff's motion

seeks to add all current FLSA opt-in plaintiffs as named plaintiffs under Rule 20[1] for

purposes of the state-law claims.  Plaintiff's stated goal is to abandon the Rule 23 class-

action mechanism and proceed instead through permissive joinder.  (*See* Docket No.

52, p.3.)  Rule 20 provides:

**(a) Persons Who May Join or Be Joined.**

**(1) *Plaintiffs*.** Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a).  Joinder is within the sound discretion of the court.  *McPhail v.*

*Deere & Co.*, 529 F.3d 947, 951–52 (10th Cir. 2008) (discussing joining nondiverse

parties in removal cases).  "In exercising this discretion, the district court 'typically

considers several factors [including] whether the amendment will result in undue

prejudice, whether the request was unduly and inexplicably delayed, [and whether it]

___

[1] Plaintiff argues for joinder under Rule 19, Rule 20, and (in the reply brief) Rule 24. The court concludes that Rule 20 is the applicable rule.

6

was offered in good faith . . . .'" *Id.* at 416 (quoting *State Distrib., Inc. v. Glenmore Distill. Co.,* 738 F.2d 405, 416–17 (10th Cir. 1984)).

Defendant raises two objections to changing procedural vehicles; the first can be dealt with quickly.  Defendant argues that adding Colorado opt-in plaintiffs as named plaintiffs would be futile in light of Defendant's pending motion for summary judgment on the Colorado state-law claims.  Because Defendant's motion for summary judgment has not yet been ruled on by the court, this argument carries no weight at all.

Defendant's other argument is more persuasive.  Defendant argues that the joinder would be unduly prejudicial because no discovery has been conducted into the opt-in plaintiffs.  And this is true.  The parties have conducted discovery only into a handful of plaintiffs so far, preparing for collective and class treatment—and Defendant has expressly reserved its right to challenge collective treatment, with a motion to decertify under *Hoffman-LaRouche*.  (Docket No. 33 ¶ 8.)  Such motion is currently due on or before June 10, 2015.  Likewise, the court has found no indication that Defendant has waived its right to challenge class certification.  Changing procedural vehicles at this point, and treating all plaintiffs as named plaintiffs, would require renovating much of the Scheduling Order.

Plaintiff's response to this is that the discovery deadline can simply be amended to allow discovery into the state-law claims.  (Docket No. 52, pp. 6–7.)  But this raises a larger problem.  There is something strange about the idea of treating the opt-in plaintiffs as fully-fledged, named plaintiffs for purposes of the state-law claims but not for the FLSA claims—especially before any final decision has been made about whether collective treatment is appropriate in this case.  To begin with, the "similarly situated"

Case 1:14-cv-00079-WJM-MJW   Document 53   Filed 04/02/15   USDC Colorado   Page 7 of 8

standard for conditional certification under § 216(b) of the FLSA is "more elastic and less stringent than the requirements found in Rule 20 (joinder)." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996); *see also Cruz v. Bristol–Myers Squibb Co., PR*, 699 F.3d 563, 569 (1st Cir. 2012). The standards are not the same—and Plaintiff has made no serious effort to address the narrower joinder standard, simply assuming it to be satisfied just because the broader standard for conditional certification has been met. Further, Defendant may yet move to decertify the collective action under *Hoffman-LaRouche*. If Defendant does file such a motion, and if the court grants decertification, it would strongly imply that joinder is impermissible (at least as to the FLSA claims). *See, e.g.*, *Botero v. Commonwealth Limousine Serv., Inc.*, 302 F.R.D. 285 (D. Mass. 2014). If for no other reason, joinder is inadvisable at this point due to the risk of contradictory rulings on related but independent questions.

The court concludes that the better course of action would be to wait until Defendant's motion to decertify, if there is one, is resolved. Should the court grant such a motion, the bulk-joinder issue would almost certainly be moot, *see Botero*, 302 F.R.D. 285, and the court could then take up individual motions to intervene under Rule 24. Should the court deny the decertification motion (or should Defendant decline to file it), Plaintiff can then make a more informed choice as to whether to pursue Rule 23 certification or permissive joinder.

## RECOMMENDATION

WHEREFORE, for the foregoing reasons, it is RECOMMENDED that Plaintiff's Motion For Leave To: 1) Join Additional Plaintiffs; And 2) Amend Pleadings (Docket No. 45) be DENIED.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: April 2, 2015          */s/ Michael J. Watanabe*
      Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge