**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00079-WJM-MJW

MATTHEW CARTIER, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL, a Utah corporation,

    Defendant.

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Matthew Cartier and Defendant Western Electricity Coordinating Council ("WECC") hereby request approval of the parties' executed settlement agreement attached as Exhibit A. Because Plaintiff's claims arise in part under the Fair Labor Standards Act ("FLSA"), the Court must determine that the parties' settlement is reasonable before the release of any claims will be binding. Therefore, the parties jointly request that approval be entered.

    1.    There are two ways in which claims arising under the FLSA may be released by employees. First, § 216(c) of the FLSA allows employees to release their FLSA claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor to ensure fairness to the employee. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th

Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section § 216(b) of the FLSA, an employee may release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court determines the settlement provides fair and reasonable compensation to the employee. *Lynn's Food Stores*, 679 F.2d at 1353; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 113 n.8 (1946); *Jarrad v. Se. Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

2. The parties' settlement agreement arises out of an action brought by Plaintiff against his former employer, WECC, which was adversarial in nature. After certification of an FLSA collective action, nineteen of Plaintiff's former WECC co-workers joined the lawsuit (the "Opt-In Plaintiffs"). The lawsuit contended that WECC failed to pay all required overtime compensation to Plaintiff and the Opt-In Plaintiffs.

3. The parties' claims and defenses raise *bona fide* issues of fact and law such as the following:

2

    a) Did WECC pay all overtime pay owed to Plaintiff and the Opt-In Plaintiffs?

    b) Should this case be certified as a collective action?

    c) Was WECC entitled to offset any unpaid overtime?

    d) What is the appropriate statute of limitations?

    e) What amount of backwages is due?

    f) If WECC failed to pay all required overtime, is it liable to Plaintiff and Opt-In Plaintiffs for liquidated damages under the FLSA?

    g) Is WECC liable under the state laws of Colorado and Washington in addition to any liability under the FLSA.

4. The settlement agreement resolves these issues and releases Plaintiff's and Opt-In Plaintiffs' FLSA and state law claims against WECC. The parties agree the compromise encompassed by the settlement agreement is fair and reasonable to Plaintiff and Opt-In Plaintiffs. More specifically, the parties state:

    a) They are aware of no fraud or collusion behind the settlement.

    b) The settlement agreement contains Plaintiff's and Opt-In Plaintiffs' full and entire release of their claims against WECC and WECC's full and entire release of any claims against Plaintiff and Opt-In Plaintiffs.

    c) The complexity of issues presented in the present case, the expense of litigation to flesh out these issues, and the likely duration of the litigation render this settlement a fair one.

d) The parties have conducted sufficient discovery in this matter, as well as expert analysis, to determine the amounts owed to Plaintiff and Opt-In Plaintiffs.

e) Based upon WECC's defenses, the proposed settlement is an appropriate compromise that fairly and fully compensates Plaintiff and Opt-In Plaintiffs.

f) The parties discussed the unpaid wages and potential for liquidated damages, and formulated their own proposed settlement figures. The parties engaged in good faith settlement discussions, based upon their independent calculations, and voluntarily agreed to the terms of their settlement agreement during negotiations. All parties were represented by their respective attorneys throughout the litigation and settlement process.

g) The parties believe the payment amount in the settlement agreement fairly and fully compensates Plaintiff and the Opt-In Plaintiffs for their alleged unpaid wages, liquidated damages, and attorneys' fees and costs. In fact, Plaintiff's counsel believes the amounts to be paid to Plaintiff and Opt-In Plaintiff constitute the entirety of the backwages and liquidated damages that they could recover under the FLSA if they were to proceed to trial without any reduction for attorney's fees and/or costs.

h) During the litigation and settlement of this action, the parties were represented by experienced legal counsel. It is the opinion of respective counsel for parties that the settlement agreement is fair and reasonable.

i) Although this case was certified as a collective action, this settlement has no impact on the claims of any WECC employees other than Plaintiff and the Opt-In Plaintiffs.

j) No confidentiality provision is contained in the settlement agreement.

k) The settlement agreement does not require that Plaintiff and Opt-In Plaintiffs prospectively waive any FLSA rights.

l) The settlement agreement provides reasonable attorney's fees to Plaintiff's counsel. However, Plaintiff's and the Opt-In Plaintiffs' recovery was addressed independently in the settlement agreement, and the reasonableness of such recovery was not influenced by the issue of attorney's fees. The negotiated attorney's fees and costs reflect 227.9 hours of work at $389.02 per hour as well as $3,728.38 in costs for filing and service fees and expert assistance. The attorney's fees compensate Plaintiff's counsel for time over the last twenty months litigating this case including conducting written discovery, engaging in collective action certification proceedings, notifying potential class members of the case, communicating with 20 plaintiffs, calculating damages for 20 plaintiffs (including expert analysis), engaging in briefing regarding summary judgment issues and amendment/joinder, filing a second lawsuit to ensure claims were protected, legal research regarding the applicable federal law as well as the state laws of Colorado and Washington, extensive settlement negotiations and completion of the Court approval process. True and

5

accurate contemporaneous time records and expense receipts, as well as a summary of Plaintiff's counsel's relevant experience, are attached hereto as Exhibit B.

Accordingly, the parties respectfully request that this court approve their settlement agreement in the form attached hereto as Exhibit A.

Respectfully submitted this 30th day of September 2015.

| | |
|---|---|
| *s/ Brian D. Gonzales* | *s/ Michael Blue* |
| Brian D. Gonzales | Michael Blue |
| THE LAW OFFICE OF | RAY QUINNEY & NEBEKER P.C. |
| BRIAN D. GONZALES, PLLC | 36 South State Street, Suite 1400 |
| 123 North College Avenue, Suite 200 | Salt Lake City, Utah 84111 |
| Fort Collins, CO 80524 | mblue@RQN.COM |
| BGonzales@ColoradoWageLaw.com | |
| | Stacy D. Mueller, Esq. |
| *ATTORNEYS FOR PLAINITFF* | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
| | 1625 17th Street, Third Floor |
| | Denver, Colorado 80202 |
| | smueller@constangy.com |
| | |
| | *ATTORNEYS FOR DEFENDANT* |

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September, 2015, I served a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** with the Clerk of the Court via CM/ECF, which will send an email notification to the following:

Michael Blue, Esq.
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
mblue@RQN.COM

Stacy D. Mueller, Esq.
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
1625 17th Street, Third Floor
Denver, Colorado 80202
smueller@constangy.com

                                             s/Brian D. Gonzales