**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00079-WJM-MJW

MATTHEW CARTIER, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

WESTERN ELECTRICITY COORDINATING COUNCIL, a Utah corporation,

     Defendant.

---

**EXHIBIT A**

---

## SETTLEMENT AGREEMENT

This Agreement is made and entered into this _22nd_ day of _September_ 2015, between Plaintiffs Matthew Cartier, Steven Thompson, Fred Krumpeck, Jack Hardgrave, Edward Lopez, Kyle Howells, Arthur Saenz, Gary Higgins, Karl Fittinger, Michael Buckingham, Arnold Robb, Robert Fackler, Eugene Quintana, Thomas Barker, Kevin Bakker, Michael Pytel, Albert Orona, Jr., Mark Phillips, Paul Olson, Richard Hall and Defendant Western Electricity Coordinating Council ("WECC").

**WHEREAS,** Plaintiff Matthew Cartier filed a collective action under the Fair Labor Standards Act, as an individual and in his representative capacity on behalf of Class Members, against WECC in the United States District Court for the District of Colorado, titled *Matthew Cartier v. WECC*, Case No. 1:14-cv-00079-WJM-MJW ("Cartier Lawsuit");

**WHEREAS,** Plaintiffs Steven Thompson, Fred Krumpeck, Jack Hardgrave, Edward Lopez, Kyle Howells, Arthur Saenz, Gary Higgins, Karl Fittinger, Michael Buckingham, Arnold Robb, Robert Fackler, Eugene Quintana, Thomas Barker, Kevin Bakker, Michael Pytel, Albert Orona, Jr., Mark Phillips, Paul Olson, and Richard Hall opted into the Cartier Lawsuit as Plaintiffs under the collective action procedure. These Plaintiffs also filed a separate civil action under Colorado and Washington State wage laws against WECC in the United States District Court for the District of Colorado, titled *Steven Thompson, et al. v. WECC*, Case No. 1:15-cv-00811-CBS ("Thompson Lawsuit");

**WHEREAS,** Plaintiffs and Defendant have agreed to a settlement of both the Cartier Lawsuit and the Thompson Lawsuit, collectively referred to as the "Litigation;"

**NOW, THEREFORE**, the Litigation shall be settled in whole and all claims of all Plaintiffs shall be dismissed with prejudice, subject to the approval of the Court, upon the terms and conditions set forth herein.

I.   **DEFINITIONS**

    **A.**    "Settlement" or "Agreement" means this Settlement Agreement.

    **B.**    "Plaintiffs" and "Class Members" means Matthew Cartier, Steven Thompson, Fred Krumpeck, Jack Hardgrave, Edward Lopez, Kyle Howells, Arthur Saenz, Gary Higgins, Karl Fittinger, Michael Buckingham, Arnold Robb, Robert Fackler, Eugene Quintana, Thomas Barker, Kevin Bakker, Michael Pytel, Albert Orona, Jr., Mark Phillips, Paul Olson, and Richard Hall.

    **C.**    "Named Plaintiff" means Matthew Cartier.

    **D.**    "Defendant" or "WECC" or "the Company" means Western Electricity Coordinating Council.

    **E.**    The "Released Parties" means WECC and its current or former parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, officers, directors, shareholders, associates, employees, former employees, attorneys, representatives, and agents.

    **F.**    The "Litigation" means the matters of *Cartier v. WECC* and *Thompson, et al. v. WECC*, both pending in the United States District Court for the District of Colorado, Case Nos. 1:14-cv-00079-WJM-MJW and 1:15-cv-00811-CBS.

    **G.**    "Collective Action" means the matter of *Cartier v. WECC*, Case No. 1:14-cv-00079-WJM-MJW.

**H.**     The "District Court" means the U.S. District Court for the District of Colorado.

**I.**     The "FLSA" means the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**J.**     "Plaintiffs' counsel" means The Law Offices of Brian D. Gonzales, PLLC, 123 North College Ave., Fort Collins, CO 80524.

## II.     JURISDICTION

The District Court has jurisdiction over the parties and the subject matter of the Collective Action.  If the Settlement is approved, the District Court will retain jurisdiction of this Collective Action with respect to the claims resolved by this Settlement solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

## III.    PURPOSE AND BENEFITS OF SETTLEMENT

Although no party abandons any position taken in the Litigation, the parties believe that continued litigation with respect to the issues resolved by this Settlement would be protracted, expensive, uncertain, and contrary to their best interests.  Thus, the parties believe that this Settlement is in the best interest of all parties, and is a fair and appropriate resolution of these issues.

## IV.    CERTIFICATION OF SETTLEMENT CLASS

For purposes of this Settlement, the parties agree that the Court's prior order concerning conditional certification of collective action treatment shall remain in place.

## V.     THE SETTLEMENT FUND

The total amount to be paid by WECC in settlement of the claims resolved by this Agreement, including attorneys' fees and costs, is $193,861.96 ("the Settlement

Fund"), which shall be distributed as set forth in Section X below. The only amounts which WECC agrees to pay that are not included in the Settlement Fund are the employer's share of any federal or state mandated payroll taxes, such as FICA and FUTA, etc.

## VI.   STATEMENT OF NO ADMISSION

     **A.**   **Denial of Liability.**  WECC denies liability to Plaintiffs upon any claim, cause of action, and factual or legal theory in any of the cases constituting the Litigation.

     **B.**   **No Admission.**  This Agreement is not intended to constitute, and does not in fact constitute, any admission by WECC as to the merits, validity, or accuracy of any of the allegations or claims made against it in the Litigation.

     **C.**   **No Use as Evidence of Violation.**  Nothing in this Agreement nor any action taken in the implementation of this Agreement is intended by the parties to, nor will any of the foregoing be introduced, used, or admissible in any way in any of the cases constituting the Litigation or any other judicial, arbitral, administrative, investigation, or other form of proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty, at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the District Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the District Court entered in connection therewith.

-4-

## VII.   **RELEASE, COVENANT NOT TO SUE, AND DISMISSAL**

A.   **Release and Covenant Not to Sue.**  For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, for themselves and their heirs, successors-in-interest, assigns, and any entity or individual acting or purporting to act on their behalf, do hereby release and discharge the Released Parties from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind (including any and all claims or demands for attorneys' fees and costs), which arise out of or relate in any way to the alleged facts, circumstances, and occurrences underlying the claims which were asserted or could have been asserted in the Litigation or to Plaintiff's employment with WECC, at any time up to and including the date of approval by the court of this Agreement, including but not limited to, any and all claims under any federal and state laws for overtime, minimum wage compensation, back pay, front pay, compensation of any kind, compensatory damages, liquidated damages, punitive damages and/or all claims for attorneys' fees and costs.  WECC hereby releases and discharges Plaintiffs from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind (including any and all claims or demands for attorneys' fees and costs), which arise out of or relate in any way to the Litigation or to Plaintiffs' employment with WECC.  Plaintiffs and WECC further covenant not to sue for any and all claims released by this paragraph.  Notwithstanding anything which may be to the contrary herein, the parties agree that Plaintiffs do not release any claims against Peak Reliability arising out of their post-WECC employment with Peak.

**B.**  **Scope of Release.**  The parties understand and agree that this release is a full and final release applying to both those claims that are (1) currently known, anticipated, or disclosed, and (2) those claims that are presently unknown, unanticipated, and undisclosed which arise out of the alleged facts, circumstances, and occurrences underlying the claims asserted, or which could have been asserted, in the Litigation or arise out of or relate to Plaintiffs' employment with WECC, any time up to and including the date of approval.

**C.**  **Dismissal.**  Within fourteen (14) days of WECC making the payments provided in Section X below, the parties shall jointly prepare and file stipulations for dismissal of the Litigation with prejudice.  The parties acknowledge and agree that this Agreement is contingent upon approval and such dismissal.

## VIII.  TIME PERIOD COVERED BY SETTLEMENT

The Settlement covers any and all claims within the scope of the release set forth in Section VII above up to and including the date of approval.

## IX.  APPROVAL PROCESS

**Joint Motion for Approval.**  The parties shall file a joint motion for approval of the Settlement in the form attached as Exhibit A.  If the District Court approves the Settlement, WECC will issue settlement checks per Section X.

If the District Court does not approve the Settlement this Agreement shall be null and void.

## X.  DISTRIBUTION OF MONETARY RELIEF

**A.**  **Distribution of Net Settlement Amount:**  The Settlement Fund minus the attorneys' fees and costs, and the Class Representative payment to the Named Plaintiff

("The Net Settlement Amount") will be distributed to the Plaintiffs in the amounts set forth on Exhibit B, hereto.

Half of the settlement payment made to each class member shall be considered wages and subject to W2 reporting and tax withholdings.   The other half shall be considered liquidated damages and shall be reported on a Form 1099. Defendant shall deliver all Settlement checks to the addresses set forth on Exhibit B, hereto, within seven (7) days of Court approval of this Agreement.

## XI.    ATTORNEYS' FEES AND COSTS

**A.    Attorneys' Fees and Costs.** From the Settlement Fund, Plaintiffs' counsel will receive an award of attorney's fees and costs in the total amount of $92,386.70. Plaintiffs agree that they will not seek an additional award of fees or costs from the District Court with respect to this Settlement Agreement and the matters resolved by the Settlement.  Defendant will not object to Plaintiffs' counsel seeking the approval of the aforementioned attorneys' fees and costs.  WECC shall deliver this payment to Plaintiffs' counsel within seven (7) days of Court approval.

**B.    Class Representative Payment.** From the Settlement Fund, the Named Plaintiff Matthew Cartier shall receive a Class Representative Payment in the total amount of $5,000.00, in addition to the Settlement payment he may otherwise receive as a Class Member. WECC will issue to the Class Representative a Form 1099 with respect to the Class Representative payment.  WECC shall deliver this payment to the address set forth on Exhibit B, hereto, within seven (7) days of Court approval.

**C.    Full Payment.** The payment of attorneys' fees and costs as set out herein shall constitute full, final, and complete payment with respect to the representation of Plaintiffs in the Litigation by Plaintiffs' counsel to date and for any future

representation related to the application for Approval of this Settlement Agreement, the distribution of the Settlement Fund and the dismissal of the Litigation with prejudice.

## XII.   DISTRICT COURT APPROVAL

This Settlement is contingent upon: (1) Approval of this Agreement by the District Court; and (2) dismissal with prejudice of all claims and cases in the Litigation.

The parties shall take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent not inconsistent with the terms of this Agreement, and they shall not take any action adverse to each other in obtaining approval by the District Court, and if necessary, appellate approval of the Agreement in all respects

## XIII.   MISCELLANEOUS PROVISIONS

**A.     Interpretation of the Agreement.**  The Agreement shall be interpreted and enforced under the laws of the State of Colorado without regard to its conflict of laws provisions.  Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the United States District Court for the District of Colorado, and the parties hereby consent to the personal jurisdiction of the District Court in connection therewith.

The parties to this Agreement participated jointly in the negotiation and preparation of the Agreement.  Accordingly, the parties agree that no rule of construction shall apply against any party or in favor of any party, and any uncertainty or ambiguity shall not be interpreted by any rule of construction against one party or in favor of the other.

The use of the term "Section" herein refers to the specific section number identified and, where appropriate, the subsections there under.

B.    **Final Agreement**.  This Agreement constitutes the entire agreement between the parties with respect to the resolution of the Litigation and supersedes all prior representations, understandings, and agreements of the parties with respect thereto.  Plaintiffs and Defendant enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.  This Agreement may be modified only by a writing signed by the parties hereto and approved by the District Court.

C.    **Counterparts**.  The Agreement may be executed in one or more actual or electronically transmitted counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

DATED: Sep 22 2015.

Western Electricity Coordinating Council

By: _James B. Robb_

_____
Matthew Cartier

_____
Steven Thompson

_____
Fred Krumpeck

_____
Jack Hardgrave

**B.** **Final Agreement.** This Agreement constitutes the entire agreement between the parties with respect to the resolution of the Litigation and supersedes all prior representations, understandings, and agreements of the parties with respect thereto. Plaintiffs and Defendant enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement. This Agreement may be modified only by a writing signed by the parties hereto and approved by the District Court.

**C.** **Counterparts.** The Agreement may be executed in one or more actual or electronically transmitted counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

DATED: _____, 2015.

Western Electricity Coordinating Council

By: _____

_____
Matthew Cartier

_____
Steven Thompson

_____
Fred Krumpeck

_____
Jack Hardgrave

**B.     Final Agreement.**  This Agreement constitutes the entire agreement between the parties with respect to the resolution of the Litigation and supersedes all prior representations, understandings, and agreements of the parties with respect thereto.  Plaintiffs and Defendant enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.  This Agreement may be modified only by a writing signed by the parties hereto and approved by the District Court.

**C.     Counterparts.**  The Agreement may be executed in one or more actual or electronically transmitted counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

DATED: _9/24_ , 2015.

Western Electricity Coordinating Council

By: _____

_____
Matthew Cartier

_____
Steven Thompson

_____
Fred Krumpeck

_____
Jack Hardgrave

-9-

**B.      Final Agreement.**  This Agreement constitutes the entire agreement between the parties with respect to the resolution of the Litigation and supersedes all prior representations, understandings, and agreements of the parties with respect thereto.  Plaintiffs and Defendant enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.  This Agreement may be modified only by a writing signed by the parties hereto and approved by the District Court.

**C.      Counterparts.**  The Agreement may be executed in one or more actual or electronically transmitted counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

DATED:  _____, 2015.

Western Electricity Coordinating Council

By: _____

_____

Matthew Cartier

_____

Steven Thompson

_____

Fred Krumpeck

Jack Hardgrave                    9/22/15

_Edward Lopez_
Edward Lopez

_____
Kyle Howell

_____
Arthur Saenz

_____
Gary Higgins

_____
Karl Fittinger

_____
Michael Buckingham

_____
Arnold Robb

_____
Robert Fackler

_____
Eugene Quintana

-10-

_____
Edward Lopez

_____
Kyle Howells


_____
Arthur Saenz


_____
Gary Higgins


_____
Karl Fittinger


_____
Michael Buckingham


_____
Arnold Robb


_____
Robert Fackler


_____
Eugene Quintana


-10-

_____

Edward Lopez

_____

Kyle Howell

_____

Arthur Saenz

_____

Gary Higgins

_____

Karl Fittinger

_____

Michael Buckingham

_____

Arnold Robb

_____

Robert Fackler

_____

Eugene Quintana

-10-

_____

Edward Lopez


_____

Kyle Howell


_____

Arthur Saenz


_____

Gary Higgins


_____

Karl Fittinger


_____

Michael Buckingham


_____

Arnold Robb


_____

Robert Fackler


_____

Eugene Quintana

_____

Edward Lopez


_____

Kyle Howell


_____

Arthur Saenz


_____

Gary Higgins

_____

Karl Fittinger


_____

Michael Buckingham


_____

Arnold Robb


_____

Robert Fackler


_____

Eugene Quintana


-10-

_____

Edward Lopez


_____

Kyle Howell


_____

Arthur Saenz


_____

Gary Higgins


_____

Karl Fittinger

_Michael Buckingham_
Michael Buckingham


_____

Arnold Robb


_____

Robert Fackler


_____

Eugene Quintana


-10-

Edward Lopez

Kyle Howell

Arthur Saenz

Gary Higgins

Karl Fittinger

Michael Buckingham

Arnold Robb

Robert Fackler

Eugene Quintana

_____

Edward Lopez


_____

Kyle Howell


_____

Arthur Saenz


_____

Gary Higgins


_____

Karl Fittinger


_____

Michael Buckingham


_____

Arnold Robb


_____

Robert Fackler


_____

Eugene Quintana


-10-

_____
Edward Lopez


_____
Kyle Howell


_____
Arthur Saenz


_____
Gary Higgins


_____
Karl Fittinger


_____
Michael Buckingham


_____
Arnold Robb


_____
Robert Fackler


_____
Eugene Quintana

_____
Thomas Barker          9/23/15

_____
Kevin Bakker

_____
Michael Pytel

_____
Albert Orona, Jr

_____
Mark Phillips

_____
Paul Olson

_____
Richard Hall

-11-

Thomas Barker

Kevin Bakker

Michael Pytel

Albert Orona, Jr.

Mark Phillips

Paul Olsen

Richard Hall

-11-

_____
Thomas Barker


_____
Kevin Bakker


_____  9/22/15
Michael Pytel


_____
Albert Orona, Jr.


_____
Mark Phillips


_____
Paul Olsen


_____
Richard Hall

Thomas Barker

Kevin Bakker

Michael Pytel

Albert Orona, Jr.

Mark Phillips

Paul Olsen

Richard Hall

-11-

_____

Thomas Barker

_____

Kevin Bakker

_____

Michael Pytel

_____

Albert Orona, Jr.

_____

Mark Phillips

_____

Paul ~~Olsen~~ OLSON

_____

Richard Hall

_____

Thomas Barker


_____

Kevin Bakker


_____

Michael Pytel


_____

Albert Orona, Jr.


_____

Mark Phillips


_____

Paul Olsen

_____

Richard Hall

**EXHIBIT B**

Matthew Cartier: $6,488.78

    3061 Crooked Wash Drive
    Loveland, Colorado 80538

Steven Thompson: $2667.51

    7423 Pimlico Drive
    Windsor, Colorado 80550

Fred R. Krumpeck:  $9115.43

    17313 County Road 38
    Platteville, Colorado 80651

Jack M. Hardgrave: $5406.51

    387 Mountain Climb Road
    Loveland, Colorado 80537

Edward T. Lopez: $3571.00

    Post Office Box 2706
    Loveland, Colorado 80539

Kyle Howells: $3280.00

    3728 Northwest 121st Circle
    Vancouver, Washington 98685

Arthur G. Saenz: $1211.94

    7444 Stonington Court
    Fort Collins, Colorado 80525

Gary L. Higgins: $2128.00

    122 Broadway
    Greenlawn, New York 11740

Karl Fittinger: $4318.13

    664 Cheryl Court
    Loveland, Colorado 80537

Michael Buckingham: $6051.40

    13830 Northwest 10th Court
    Apartment C
    Vancouver, Washington 98685

Arnold T. Robb: $5998.77

> 16030 South 27th Drive
> Phoenix, Arizona 85045

Robert B. Fackler: $6227.53

> 2802 Southeast Balboa Drive
> Vancouver, Washington 98683

Eugene F. Quintana: $4065.28

> 248 Reagan Drive
> Loveland, Colorado 80538

Thomas W. Barker: $3423.34

> 641 Triton Avenue
> Loveland, Colorado 80537

Kevin Bakker: $7079.87

> 7609 Northest Vancouver Mall Drive,
> Apartment 80
> Vancouver, Washington 98662

Michael Pytel: $4272.00

> 141 Scenic Drive
> Loveland, Colorado 80537

Albert F. Orona, Jr.: $5,000.00

> 641 Southeast Greenway Drive
> Gresham, Oregon 97080

Mark E. Phillips: $7130.05

> 1110 Meadowlark Place
> Molalla, Oregon 97038

Paul L. Olson: $2621.95

> 1381 Sun Tree Drive
> Roseville, California 95661

Richard Hall: $6417.77

> 672 South 232nd Avenue
> Buckeye, Arizona 85326